**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | | |
|---|---|---|
| JOHN FARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO.   3:03-CV-040 AS |
| v. | ) | |
| | ) | and also CAUSE NO. |
| EVELYN RIDLEY-TURNER, et al., | ) | 1:99-CV-031 |
| | ) | 1:99-CV-093 |
| Defendants. | ) | |

*OPINION AND ORDER*

John Farris, a *pro se* prisoner, sent a letter to the clerk of this court stating that he believes that the filing fees for the cases listed above have been improperly deducted from his prison trust account. Pursuant to *Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997) *overruled on other grounds* by *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000) and *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000), the courts are to monitor prison officials' calculation of installment payments. Therefore, this court has reviewed Mr. Farris' prison trust account ledger from September 3, 1999 to June 16, 2005.[1]

Mr. Farris has unpaid filing fees for three cases.

| | Case | Type | Order Date & Docket # | Balance |
|---|---|---|---|---|
| 1) | 1:99-CV-31 | District Filing Fee | 2/1999, # 2 | $   49.47 |
| 2) | 1:99-CV-93 | District Filing Fee | 3/1999, # 2 | $   42.33 |
| 3) | 3:03-CV-40 | District Filing Fee | 3/2003, # 3 | $ 120.70 |
| | | | *TOTAL* | *$ 212.50* |

---

[1] It appears that there may be some gaps in the financial records provided to the court, but any monies received during those times would only increase Mr. Farris' arrearage.

28 U.S.C. § 1915(b)(2) requires that an inmate pay 20 percent of the preceding month's income credited to the prisoner's account.

> This [statutory] language places on the prisoner a responsibility to remit at this rate – no greater, but no less either. A prisoner who fails to ensure that the required sum is remitted in one month must make it up later; *the statute does not allow deferral past the time when application of the formula would have produced full payment.*

Lucien v. DeTella, 141 F.3d 773, 776 (7th Cir. 1998) (emphasis added).

> A prisoner who filed one suit remits 20 percent of income to his prison trust account; a suit and an appeal then must commit 40 percent, and so on. Five suits or appeals mean that the prisoner's entire monthly income must be turned over to the court until the fees have been paid . . ..

Newlin v. Helman, 123 F.3d 429, 436 (7th Cir. 1997).

The following table shows Mr. Farris' income, for those months during which he received $10.00 or more. It also shows how much he was required to pay toward the filing fee for each case. The case numbers refer to the list above and the cells which contain an "x" either predate the order to pay in that case or post-date when payment in full should have already been made.

| Date | Income | Case 1 | Case 2 | Case 3 |
|------|--------|--------|--------|--------|
| 10/99 | $     25.00 | $     5.00 | $     5.00 | ✕ |
| 11/99 | $     43.45 | $     8.69 | $     8.69 | ✕ |
| 12/99 | $     80.50 | $    16.10 | $    16.10 | ✕ |
| 1/00 | $     17.13 | $     3.43 | $     3.43 | ✕ |
| 3/00 | $     37.95 | $     7.59 | $     7.59 | ✕ |
| 7/00 | $     50.00 | $    10.00 | $    10.00 | ✕ |
| 8/00 | $     71.25 | $    14.25 | $    14.25 | ✕ |
| 12/00 | $     45.75 | $     9.15 | $9.15 | ✕ |

| | | | | |
|---|---|---|---|---|
| 1/01 | $ 57.78 | $ 11.56 | $ 11.56 | |
| 2/01 | $ 340.20 | $ 64.24 | $ 64.24 | |
| 4/03 | $ 20.00 | | | $ 4.00 |
| 9/03 | $ 15.92 | | | $ 3.18 |
| 10/03 | $ 15.92 | | | $ 3.18 |
| 11/03 | $ 16.68 | | | $ 3.34 |
| 12/03 | $ 15.13 | | | $ 3.03 |
| 1/04 | $ 40.92 | | | $ 8.18 |
| 2/04 | $ 15.16 | | | $ 3.03 |
| 3/04 | $ 15.16 | | | $ 3.03 |
| 4/04 | $ 17.44 | | | $ 3.49 |
| 5/04 | $ 15.92 | | | $ 3.18 |
| 8/04 | $ 25.00 | | | $ 5.00 |
| 1/05 | $ 15.20 | | | $ 3.04 |
| 2/05 | $ 44.00 | | | $ 8.80 |
| 3/05 | $ 15.20 | | | $ 3.04 |
| 4/05 | $ 15.20 | | | $ 3.04 |
| 5/05 | $ 19.00 | | | $ 3.80 |
| 6/05 | $ 15.20 | | | $ 3.04 |
| | Totals | $ 150.00 | $ 150.00 | $ 67.41 |

This table demonstrates that Mr. Farris should have already paid off two of these cases and that he should have paid $67.41 toward the third even though he has only paid $29.30. This means that Mr. Farris can no longer defer payment of the filing fees that should have already been paid ($129.91) and that he must therefore remit 100% of his income until these arrearage amounts are paid in full.

<u>Case</u>                    <u>Arrearage</u>

3

| | | |
|---|---|---|
| 1) | 1:99-CV-31 | $ 49.47 |
| 2) | 1:99-CV-93 | $ 42.33 |
| 3) | 3:03-CV-40 | $ 38.11 |

*TOTAL*    *$ 129.91*

Because Mr. Farris is delinquent in paying these fees and because he may no longer defer their payment, it is no longer relevant whether he receives ten or more dollars in a month: all of Mr. Farris' income must be taken to pay these arrearage amounts. For the foregoing reasons, the court:

(1) **ORDERS** the agency having custody of **John D. Farris, IDOC # 995270**, to remit all of the money in his inmate trust account (not to exceed $129.91) to the clerk of the court in payment of his arrearages;

(2) **ORDERS** the agency having custody of John D. Farris to remit 100% of his future income until it has payed these arrearages;

(3) **ORDERS** the agency having custody of John D. Farris to resume taking 20% of his income for 3:03-CV-40 after the arrearages are paid and until the balance of the filing fee for that case is paid in full; and

(4) **DIRECTS** the clerk to mail a copy of this order to the inmate trust account department of the institution or facility where Mr. Farris is currently housed.

**IT IS SO ORDERED.**

**ENTERED: June17, 2005**

_____ **s/ ALLEN SHARP** _____
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**

4